Green, J.
delivered the opinion of the court.
. This is a bill filed to recover usurious interest that has been paid by the complainant McKoin, and to enjoin two judgments against him, wherein complainant Wilkinson has become bound as security for the stay of execution.
The defendant answered admitting the usury, but insisting that a court of chancery has not jurisdiction to afford relief, because all the money the complainant has paid him for usury, was paid in discharge of judgments at law, and that having neglected to make his defence in the trials at law, he cannot obtain relief here. This court has often decided, that where there has been a trial at law, in which forum a plain and unembarrassed remedy could have been afforded, of which the party did not avail himself, not having been prevented by accident or fraud, or the fault of the other party, unmixed with negligence on his part, a court of chanceiy would not take jurisdiction to afford relief. And in such case, the question, whether a court of chancery would have had original jurisdiction or not, can make no difference. If there is a p]¿dn defence and the court of law can afford an adequate remedy, the defence must be made at law, if the cause have originated there. These principles are applicable as well to cases where relief is sought *560 against usurious contracts, as to those depending upon other grounds. The act of 1835, ch. 50, sec. 4 and 5, (Car. & Nic. 407) does not affect the principles here stated. That act authorizes a defendant who may be sued on a usurious contract, to plead the usury on oath, to which plea the plaintiff may reply on oath, and thus malee an issue to be tried by a jury.
This provision of the law gives such ample power for investigating usurious transactions, by getting a discovery on oath from the plaintiff, that the Legislature supposed the act might be construed to give to courts of law exclusive jurisdiction in such cases. To prevent which they say, “that nothing in this act shall be so construed as to prevent the part3^ from having relief in a court of equity.” By this law, they leave the equity jurisdiction upon this subject, as it was before its enactment. But the powers of a court of law are enlarged, and consequently, fewer cases are likely to occur, in which it shall become necessary to invoke the aid of a court of chancery.
As a general rule, therefore, when there has been a trial at law, a court of equity has no jurisdiction to afford a new trial, and give that relief, which, through the negligence of the party, he failed to obtain there. But, as this court said in the case of Buchanan vs. Nolen, “We do not say, that there may not arise cases where the principle of relief in a court of chancery, after atrial at law may be applied, especially where usury would be the subject of inquiry. An oppressed debtor, in the hands of an artful and heartless usurer, might be induced so to change securities, adding usurious interest, and for a long course of time repeating this process, as to make it difficult for a jury in the mode of trial before them, to detect the contrivance, and separate the usury from the sum really due.” Audit maybe added, he might make the courts of justice the medium through which to consummate his usurious contracts, holding over his debtor an influence that would paralyze his will, and prevent him from making his defence. In such cases relief ought to be obtained in equity, although there had been atrial at law. But in the present case we perceive no ground of interference that would not exist in every other case, whereupon the merits of *561 his cause a party ought to succeed, had he made his defence at the proper time.
The complainant, Wilkinson, cannot insist upon this injunction on the ground that a levy was made on McKoin’s property sufficient to satisfy the execution. It is insisted in the answers, and nothing appears to the contrary, that the property so levied on was not sold to satisfy said execution by reason of the injunction which was granted in this cause. It would be great injustice to permit Wilkin son to obtain an injunction to prevent the application of McKoin’s property to the discharge of the execution, and then insist that he was discharged by reason of the levy on it.
The decree must be reversed, and the injunction dissolved and the bill dismissed, but without costs.